# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LAVARNE WOODIE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-2523-RWS |
| WAL-MART STORES EAST, LP : | |
| and KEITH OWEN, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion for Summary Judgment [14]. The Motion is unopposed. After reviewing the entire record, the Court enters the following Order.

## **FACTUAL BACKGROUND**[1]

On January 7, 2006, Plaintiff was shopping in the automotive department of Wal-Mart Store No. 614, located at 803 New Franklin Road in La Grange, Georgia, when she slipped after allegedly stepping on an invisible substance which made the floor slippery. Plaintiff never saw any hazard on the floor in

---

[1] The Factual Background is taken from Defendant's Statement of Material Facts which is accepted as true based upon Plaintiff's failure to file a response thereto. See L.R. 56.1B(2)a(2).

the area where she fell. Plaintiff does not know what invisible substance allegedly made the floor slippery in the area where she fell.

Plaintiff also does not know how the alleged invisible, slippery substance came to be on the floor of Wal-Mart's premises, or how long it was there prior to the subject incident. Further, Plaintiff admits that she has no reason to believe that any Wal-Mart employee knew that an invisible, slippery substance was on the floor in the area before the subject incident.

Prior to the subject incident, Defendant Wal-Mart's employees conducted reasonable inspections of the area where Plaintiff allegedly slipped. On January 7, 2006, Wal-Mart had specific policies and procedures about spills and other safety hazards. Wal-Mart instructed all of its employees to "zone" their area. Zoning essentially means to keep the store clean and neat. Employees who are zoning walk up and down the aisles located in their department to make sure the department is free of any potential hazards which might cause harm to other employees or customers. Zoning includes looking for foreign objects, liquids, or other possible hazards on the floor. If any of Defendant's employees finds a potential hazard, they are trained either to immediately remove the hazard or to stay with the hazard until help arrives. Zoning goes on constantly during all employees' shifts.

2

In addition, once every two hours, a "safety sweep" announcement is made over the store's public-address system. When a safety sweep is called, all associates are required to stop what they are doing and to immediately inspect their area for any potential hazards. If a spill, foreign object, or other potential hazard is found, associates are required to immediately remove the hazard. All members of store management are required to check behind associates to be certain that safety sweeps are being conducted throughout the store. Prior to Plaintiff's alleged incident on January 7, 2006, zoning and safety sweeping, as discussed above, took place in the subject store.

Prior to Plaintiff's incident on January 7, 2006, the store did not receive any reports or complaints concerning any alleged hazard in the aisle where Plaintiff fell, although numerous customers repeatedly walked over the exact area where Plaintiff's incident later occurred. Wal-Mart had no prior notice or knowledge concerning an alleged slick spot or area on the floor in the area where Plaintiff allegedly fell, and Plaintiff cannot demonstrate that Defendants had actual or constructive knowledge of the alleged hazard.

## DISCUSSION

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and

3

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the

4

non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (stating that once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record. See Dunlap v. Transam Occidental Life Ins. Co., 858 F. 2d 629, 632 (11th Cir. 1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of the motion). The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those

5

submitted in support of the summary judgment motion. United States v. 5800 S.W. 74th Ave., 363 F. 3d 1099, 1101 (11th Cir. 2004). A district court's order granting an unopposed motion for summary judgment must indicate that the merits were considered. Id. at 1102.

"In order to recover in a premises liability case, a plaintiff must establish two elements: (1) fault of the proprietor or owner; and (2) the invitee's ignorance of the danger." Flagstar Enterprises, Inc. v. Burch, 267 Ga. App. 856, 857, 600 S.E. 2d 834, 835 (2004). "The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises. Proof of a fall, without more, does not create liability on the part of a proprietor or land owner." Id., 267 Ga. App. at 856-857, 600 S.E. 2d at 835. "Causation is always an essential element in slip or trip and fall cases. Where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven." Pennington v. WJL, Inc., 263 Ga. App. 758, 760, 589 S.E. 2d 259, 261-262 (2003).

Plaintiff testified that she does not have any information or knowledge concerning what alleged hazard was allegedly present on the floor in the area of the subject incident. (Pl.'s Dep. at 143-145.) Further, Plaintiff has failed to present any evidence demonstrating that Defendant had knowledge of any

6

hazard on the floor. Thus, Plaintiff is unable to prove an essential element of her claim, and Defendant is entitled to summary judgment.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment [14] is hereby **GRANTED**.

**SO ORDERED**, this  8th  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)